UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN KLOBUCAR and DIANE
KLOBUCAR,                                          Case No. 14-13917

           Plaintiffs,                       SENIOR U.S. DISTRICT JUDGE
v.                                                 ARTHUR J. TARNOW

BANK OF AMERICA, N.A.,                             U.S. MAGISTRATE JUDGE
                                                   R. STEVEN WHALEN
           Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [5]**

Defendant filed a Motion to Dismiss [Doc. #5] on December 10, 2014.  On March 2, 2015, after the parties' settlement negotiations failed, the Court issued an Order [7] directing Plaintiffs to file a response to the motion by March 23, 2015. Plaintiffs filed their Response [8] on April 3, 2015.  Defendant filed a Reply [9] on April 17, 2015.

For the reasons stated below, Defendant's Motion to Dismiss [5] is **GRANTED**.

**FACTUAL BACKGROUND**

On November 18, 2002, Plaintiffs obtained a loan from Washington Mutual Bank, FA.  The loan was evidenced by a note and secured by a mortgage on their

home.  In May 2014, the Federal Deposit Insurance Corporation, acting as receiver for Washington Mutual Bank, assigned the mortgage to Chase.  Chase promptly assigned the mortgage to Defendant Bank of America.

Plaintiffs defaulted on the loan.  Prior to September 2014, they entered loan modification negotiations with Defendant.  Plaintiffs allege that Defendant intentionally misled Plaintiffs into believing that loan modification was an option and that Defendant would not foreclose on their home while the negotiations continued.  However, on September 1, 2014, Defendant commenced foreclosure by advertisement proceedings.  Defendant published a notice of foreclosure on that date which stated that $261,783.41 remained due on the loan.

On September 8, 2014, Plaintiffs filed the instant suit in the Wayne County Circuit Court.  Defendant removed the case to this Court on October 9, 2014.  No sheriff's sale had taken place as of the filing of the parties' briefs on the instant motion.

## ANALYSIS

Defendant moves to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  To survive such a motion, the complaint must plead factual content that allows the court to draw a reasonable inference that the defendant is liable for the

misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiffs' favor.  *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012).

## I.      Wrongful Foreclosure

Plaintiffs claim in their complaint that Defendant "failed to properly follow the requirements of the Foreclosure process set forth in MCL 600.3201 *et seq*, including, but not limited to, failing to properly calculate the amount claimed to be due on the date of the notice of foreclosure."  Defendant argues that Plaintiffs' wrongful foreclosure claim is not ripe because no sheriff's sale has occurred.  It further argues that Plaintiffs have failed to plead their claim with sufficient specificity, since they failed to describe the miscalculation or identify any statutory provision Defendant violated.  Plaintiffs do not respond to Defendant's ripeness argument.  Nor do they provide more detail about the alleged miscalculation. Instead, they assert that Defendant foreclosed upon their home despite misleading Plaintiffs into thinking that Defendant would not foreclose so long as their application for a loan modification remained pending.  They argue that this deceit constitutes sufficient "fraud or irregularity" to set aside the sheriff's sale—despite recognizing elsewhere in the brief that no sheriff's sale had yet occurred.

Under Michigan law, a plaintiff may set aside a foreclosure sale upon a showing of prejudice resulting from fraud or irregularity in the foreclosure procedure itself. *Conlin v. Mortg. Elec. Registration System, Inc.*, 714 F.3d 355, 359-60 (6th Cir. Mich. 2013). Allegations of fraud in loan modification negotiations, however, cannot qualify, since even negotiations held contemporaneously with foreclosure are distinct from the foreclosure procedure itself. *Campbell v. Nationstar Mortg.*, --- F. App'x ---, 2015 WL 2084023, at *5 (6th Cir. 2015) (citing *Williams v. Pledged Prop. II, LLC*, 508 F. App'x 465 (6th Cir. 2012)). Plaintiffs' fraud argument therefore does not support their wrongful foreclosure claim.

Plaintiffs have forfeited any argument concerning the miscalculation alleged in their complaint, since they have made no attempt to develop it. *E.g., Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 618 n.9 (6th Cir. 2014) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)). Consequently, Plaintiffs' wrongful foreclosure claim fails to state a claim upon which relief can be granted.

## II.    Breach of Contract

Plaintiffs allege that Defendant breached the covenant of good faith and fair dealing implied in the parties' mortgage contract by "[d]isingenuously negotiating

4

loss mitigation assistance" and "[m]isleading Plaintiffs about approval and extension of loss mitigation assistance as an alternative to foreclosure."  Defendant raises several arguments for dismissal of this claim, including that "Michigan does not recognize a claim for breach of an implied covenant of good faith and fair dealing."  *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 476 (Ct. App. Mich. 2003).  However, "a more precise and accurate statement of the law is that Michigan does not recognize an *independent tort action* for breach of a contract's implied covenant of good faith and fair dealing."  *Bd. of Trustees of City of Birmingham Employees' Ret. Sys. v. Comerica Bank*, 767 F. Supp. 2d 793, 805 (E.D. Mich. 2011).  A party may sue for *breach of contract* under Michigan law to enforce the implied covenant of good faith and fair dealing that arises when the opposing party "makes its performance a matter of its own discretion."  *Id.* (citing *Stephenson v. Allstate Ins. Co.*, 328 F.3d 822, 826 (6th Cir. 2003)).

Here, however, "Plaintiffs do not allege how Defendants made their performance a matter of their own discretion so as to give rise to the protections of an implied covenant of good faith and fair dealing."  *Wheeler v. Long Beach Mortg. Co.*, No. 14-CV-14056, 2015 WL 1637619, at *4 (E.D. Mich. April 13, 2015) (unpublished); *see also Goodwin v. CitiMortgage, Inc.*, No. 1:12-CV-760, 2013 WL 4499003, at *7 (E.D. Mich. Aug. 19, 2013) (dismissing good faith and

fair dealing claim where plaintiffs failed to identify contractual provision promising exercise of discretion in evaluating application for loan modification). Further, "Plaintiffs' vague allegations of misrepresentations and disingenuous negotiations do not readily correspond to any term of the mortgage." *Wheeler*, 2015 WL 1637619, at *4. Plaintiffs therefore fail to state a breach of contract claim upon which relief can be granted.

### III.   Fraudulent Misrepresentation

Plaintiffs allege that Defendant made false representations of fact, intentionally and successfully inducing Plaintiffs to forego challenging the foreclosure of their home. Defendant argues, inter alia, that Plaintiffs have not pled this claim with sufficient particularity. The Sixth Circuit has interpreted Federal Rule of Civil Procedure 9(b) to require a plaintiff raising a common law fraud claim to allege "the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010) (quoting *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2010)). Plaintiffs have not met this standard, since they "do not identify the content of the allegedly fraudulent statements, when they occurred, who made them, or where they were made." *Wheeler*, 2015 WL 1637619, at *5.

They have therefore failed to state a fraudulent misrepresentation claim upon which relief can be granted.

CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion to Dismiss [5] is **GRANTED**.

**SO ORDERED**.


                                   s/Arthur J. Tarnow
                                   Arthur J. Tarnow
Dated: August 17, 2015             Senior United States District Judge

7